[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 67, and the defendant wife, 64, married on June 24, 1956 at Pleasantville, New York. The remaining allegations of the complain were found proven and true on June 10, CT Page 6705 1997. A dissolution judgment was entered. All financial orders were reserved until the next day when the trial resumed.
The plaintiff was less than candid in his early testimony; but, thanks to his own lawyer, he testified more candidly when examined on redirect. He was attempting to shield a woman's name from being introduced into the record, but he also was creating a financial picture that was inaccurate.
The plaintiff is a construction consultant and has been since 1993 operating through a corporation known as Percy Veere Corporation. His one major contract was completed, and the pendente alimony order was suspended by order entered April 14, 1997. The plaintiff has been looking for consulting work or employment without success. He receives Social Security of $262 weekly.
As assets he lists bank accounts of $1,900, a 50% interest in Smith Street Associates, a subchapter of S Corporation, valued at $22,250, and an escrow account of $20,000. His life insurance policies have been borrowed against and three remain: one Metropolitan Life policy of $100,000 with $68,194 borrowed from the cash value and a Vermont Life Policy with the cash value borrowed, reducing the present coverage to nil. Not listed are the assets held by Percy Veere, having value in the range of $5,000 to $10,000.
The defendant has been a homemaker throughout the marriage. She now receives Social Security of $106 weekly. She lists a parcel of real estate in Mt. Kisco, New York with no equity, a cemetery plot valued at $500, a 1996 Mazda with little equity above the loan, tangible personal items totaling $4,000, a checking account containing $1,000 and the remaining 50% interest in Smith Street Associates that has, as its only asset, a residential rental house in Peeksill, New York.
In earlier years the plaintiff generated income exceeding $100,000 annually.
Suffice to say that the court has concluded that the behavior of the plaintiff is the primary cause of the marriage breakdown.
After this suit was started the plaintiff borrowed $30,000 from the life insurance described above, used $5,000, by court order $5,000 was delivered to the defendant to allow her to move CT Page 6706 and the $20,000 remains.
The plaintiff claimed he borrowed $25,000 from another woman, and he then drew four $5,000 checks. Where the money went was not made clear by the plaintiff's explanation.
The plaintiff, despite his age, has the far greater earning potential, and the ability to thereby acquire assets in the future. The defendant remains dependant upon the plaintiff for assistance.
Having considered all of the elements in Section 46b-81 and Section 46b-82 in light of the evidence as well as relevant case law, and the credibility of the witnesses, the court enters the following judgment.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The plaintiff shall pay to the defendant, as periodic alimony, the sum of $80 weekly until the death of either party, the defendant's remarriage, or further court order.
3. The parties' ownership in the Smith Street Corporation is left undisturbed.
4. The $20,000 escrow balance is awarded to the defendant, and she is released from any claim of the plaintiff for the $5,000 moving advance.
5. The plaintiff is to own the Percy Veere Corporation free of any claim by the defendant.
6. The plaintiff shall assign the two life insurance policies presently insuring his life to the defendant as sole owner, to be done immediately.
7. Each party shall otherwise retain the assets already possessed and shall be solely responsible for the bills as listed on their respective financial affidavits.
8. The plaintiff shall advise the defendant in writing quarterly of any consulting contracts he obtains or any employment he accepts.
Counsel for the plaintiff shall prepare the judgment file. CT Page 6707
HARRIGAN, J.